UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| Krystal Simpson,<br><br>    Plaintiff,<br><br>v.<br><br>The Law Firm of Krisor & Associates,<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE INDIANA DECEPTIVE CONSUMER SALES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## PARTIES

1. Plaintiff, Krystal Simpson ("Krystal"), is a natural person who resided in Kingsford Heights, Indiana, at all times relevant to this action.

2. Defendant, The Law Firm of Krisor & Associates ("Krisor"), is an Indiana law firm that maintained its principal place of business in Granger, Indiana, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. §1367(a), the Court also has Supplemental Jurisdiction over Plaintiff's claims under the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA"), because they share a common nucleus of operative fact with Plaintiff's claims under the FDCPA.

1

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## ARTICLE III STANDING

6. Krystal has Article III standing to bring this FDCPA claim against Krisor because Krisor's unwanted intrusions on Krystal's solitude, seclusion, and peace and quiet "bears a close relationship to the kind of harm that the common law sought to protect" through the tort of intrusion upon seclusion.

7. Krystal also has Article III standing to bring this FDCPA claim against Krisor because Krystal has incurred out of pocket expenses relating to Krisor's violations of the FDCPA that could have otherwise been directed to other necessary expenses.

## STATEMENT OF FACTS

8. At all times relevant to this action, Krisor collected consumer debts.

9. Krisor regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

10. Krisor is a "debt collector" that regularly collects consumer debts as defined by 15 U.S.C. §1692a(6).

11. Krisor is a "supplier" as defined by § 24-5-0.5-2(a)(3) of the IDCSA.

12. As described, *infra*, Krisor contacted Krystal to collect a debt that was incurred primarily for personal, family, or household purposes.

13. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. Krystal is a "consumer" as defined by 15 U.S.C. § 1692a(3).

15. In 2016, as a result of insurmountable hardships, Krystal became insolvent and therefore was unable to pay back her unsecured debts.

16. Despite this, for nearly a decade, Krisor has been harassing, abusing and mistreating Krystal.

17. For example, in 2016, despite having actual knowledge of Krystal's financial situation, Krisor filed a collection lawsuit in Indiana against her attempting to coerce Krystal into paying money Krystal did not have ("2016 Lawsuit").

18. Being unable to defend herself and being unable to afford an attorney, on April 16, 2016, Krisor obtained a Default Judgment in the 2016 lawsuit against Krystal in an amount exceeding $13,000.

19. Largely as a result of Krisor's relentless pursuit of this debt, four days after Krisor obtaining its judgment, on April 20, 2016, Krystal filed a Chapter 7 Bankruptcy.

20. Shortly after filling her bankruptcy petition, on August 15, 2016, Krystal received a discharge which included discharge of the debt Krisor was attempting to collect.

21. Nearly 7 years ago, on the morning of August 16, 2016, Krystal woke up in the morning feeling relieved and trilled to be starting her financial life fresh free from the relentless abuse from creditors like Krisor.  She was unapologetically giddy believing that she had freed herself from her financial past.

22. Unfortunately, as described herein, Krystal's excitement was short lived as, up until the time of this action's filing, nearly 7 years later, Krystal continues to be pursued by Krisor and Krisor has refused to dismiss its 2016 lawsuit.

23. More specifically, despite the debt no longer being owed, on several occasions over the next 7 years, Krisor continued to collect the debt Krystal had discharged in 2016 ("Discharged Debt").

24. As a result of Krisor's relentless collection of the Discharged Debt between 2016 and 2023, in 2022, Krystal was forced to retain counsel to fend off Krisor.

25. For example, in 2022, Krystal retained counsel to appear in the 2016 lawsuit to help protect her state and federal rights.

26. As a result of that engagement, Krystal's attorney was successful in defending Krystal from Krisor.

27. But Krisor didn't cease attempting to collect the discharged debt and in 2023, Krisor again attempted to garnish Krystal's wages in the 2016 lawsuit to collect the Discharged Debt.

28. In doing so, Krisor discharged the existence of the Discharged Debt to dozens of people including court personnel and Krystal's employer causing irreputable harm.

29. Krystal has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies illegal debt collection attempts, emotional distress, and harm related to Krisor collecting the Discharged Debt for nearly a decade after it was discharged in a Chapter 7 Bankruptcy.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

30. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

31. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

33. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

34. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

35. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

36. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

37. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

38. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious

transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

39. Defendant's policies and procedures that allow consumers who have discharged their debts in bankruptcy to continue to be abused as described herein constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

40. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

*See* 15 U.S.C. §1692d.

41. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

42. Defendant's policies and procedures violate the FDPCA.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

43. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

44. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

45. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

6

46. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## COUNT SIX

### Violation of the Indiana Deceptive Consumer Sales Act

47. Plaintiff re-alleges and incorporates by reference Paragraphs 6 through 29 above as if fully set forth herein.

48. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

49. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

50. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(20), violating the FDCPA.

51. Defendant intended that Plaintiff rely on its unlawful behavior in order to procure immediate payment of the Discharged Debt. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

52. Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

53. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

## JURY DEMAND

54. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

55. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. Judgment against Defendant for statutory damages as provided under I.C. § 24-5-0.5-4(a)(1)(2).

    c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date:   June 30, 2023

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*